UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-CV-10480-TSH

MICHAEL E. LACHANCE,
    Plaintiffs

v.

TOWN OF CHARLTON, a Municipal corporation
And Officers TIMOTHY A. SMITH, SGT. KEITH R.
CLOUTIER and JASON F. WHITE,
    Defendants

**DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW (F.R.C.P. 50(a))
(DIRECTED VERDICT)**

    Now come the defendants at the close of the plaintiff's case and hereby move the Court to enter judgment for the defendants as a matter of law as the plaintiff has failed to present sufficient evidence on the three remaining counts:   (1) Count I - 42 U.S.C. § 1983 alleging excessive force or kneeling on the plaintiff's back; (2) Count II - assault and battery; and (3) Count IV - negligence. Moreover, the defendants are entitled to qualified immunity.

    As the Supreme Court has reiterated, "a government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Hunt v. Massi, 773 F.3d 361, 367(1st Cir. Mass. 2014), citing Carroll v. Carman, 135 S. Ct. 348, 350, 190 L. Ed. 2d 311 (2014).   This doctrine gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law.  Id. (internal quotation marks omitted). The evidence presented by Plaintiff shows neither incompetence, nor a knowing violation of the law.

1

None of the defendant officers' knowingly or unreasonably disregarded any of Plaintiff's rights. What the defendant officers knew at the time of the incident was:

- they were responding to a medical emergency;
- on a snowy, icy night (approximately 4:00 am) they arrived on scene to a second-floor apartment with outdoor access via a flight of stairs;
- the subject needing unknown medical attention weighed approximately 250 pounds at the time of the incident, was incoherent and unaware of his surroundings, flailing his limbs, refusing to stop and sit down when instructed to do so, and was potentially trying to leave the apartment via the icy stairs.
- after attempting to give Plaintiff oxygen in the bedroom, Plaintiff "shoved" the oxygen mask away from his face, got up off the floor and exited toward the bedroom, seemingly towards the apartment exit;
- the defendant officers attempted to guide Plaintiff to the sofa and/or recliner chair, but ended up all tumbling to the floor, which was previously ruled to be a reasonable use of force.

This is all that was "known" to the officers as they continued to struggle to subdue Plaintiff in the midst of a potentially life-threatening situation. Still exhibiting symptoms of the original medical emergency and still refusing to cooperate (for lack of awareness or otherwise) with the defendant officers, one of officers restrained Plaintiff's convulsing legs while the other two officers contained Plaintiff's arms by the side/back of his body with two sets of handcuffs. One of the officers *may have* placed his knee on Plaintiff's back in the midst of this chaotic medical rescue, but if this happened it was for around 15 seconds and was done in an effort to subdue

Plaintiff enough to get him safely on the stretcher to facilitate the paramedics to administer potentially life-saving care. A pillow was placed under Plaintiff's head. After getting Plaintiff on the stretcher, at least four (4) officers/paramedics had to carry the stretcher to the apartment exit.

As the only remaining issue of excessive force is whether any of the officers placed a knee on Plaintiff, the Plaintiff has failed to offer sufficient evidence to make such a conclusion at the close of his case. The only question on excessive force is whether Plaintiff had a right to be free from an officer kneeling on his back after he had already been restrained. Plaintiff failed to present evidence that this occurred and failed to show by the totality of the circumstances that he had this right. First, if a knee was placed on Plaintiff, it occurred prior to his restraint. Plaintiff's wife testified that Plaintiff was still convulsing and flailing when he was on the floor and that it took all three officers to subdue and secure him to get him on the stretcher. Next, if an officer placed a knee on Plaintiff, it was for less than fifteen seconds during the chaotic struggle to subdue Plaintiff enough to enable the paramedics to give him undisputedly, emergency medical attention. Finally, and most importantly, given the overall circumstances, even if a knee touched Plaintiff's back, the evidence shows that the officers were acting reasonably to help Plaintiff. No batons, pepper spray, taser, body slams, headlocks or anything was used. In fact, the officers placed a pillow under Plaintiff's head to ensure his safety. The officers' actions were reasonable so as to entitle them to qualified immunity as the officers were forced to make split-second judgments in circumstances that were tense, uncertain and rapidly evolving.   Dean v. City of Worcester, 924 F.2d 364 (1st Cir. 1991).

Lachance has not introduced evidence that he was denied a clearly established Constitutional right.   In order for a right to be clearly established for the purposes of qualified immunity, the contour to the right must be sufficiently clear that a reasonable officer would

understand that what he is doing violates that right.   Anderson v. Creighton, 483 U.S. 35, 640 107 (1987).   This inquiry must be undertaken "in light of the specific context of the case, not as a broad, general proposition."   Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001).   That is, the relevant dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

No reasonable officer would have known that [attempting to prevent Lachance from running out of the apartment and subduing him in order to be transported by the paramedics while Lachance] who was undergoing a medical emergency, posed a risk to the responders' safety and who needed to be subdued in order for medical personnel to render lifesaving assistance, violated that person's constitutional rights."

Lachance's 42 U.S.C. § 1983 claim should be dismissed as there was no excessive force. The defendant officers used the force necessary to protect Lachance from harming himself and others.

As Plaintiff has offered no separate evidence of support, Plaintiff's remaining claims rise and fall with his excessive force claim. See Gray v. Cummings, 917 F.3d 1, 14 (1st Cir. 2019) (Plaintiff's "assault and battery and MCRA claims "rise and fall with . . . [her] § 1983 claim."). Plaintiff has not introduced sufficient evidence that any of the officers' conduct were an intentional and unjustified use of force.   Commonwealth v. McCan, 277 Mass. 199, 203, 178 N.E. 633, 634 (1931).   Nor was there any evidence presented that any of the defendants acted in a negligent manner breaching any standard of care for which the employer Town of Charlton could be found negligent. Additionally, Plaintiff's assault and battery claim, as well as his negligence claim, fails as Plaintiff cannot prove causation. There was no injury

The defendants submit the Trial Brief in further support of its motion.

WHEREFORE, the defendants respectfully request that the Court enter judgment as a matter of law for the defendants.

Defendants,
Town of Charlton, et al.

By their attorneys,

/s/*Bradford N. Louison*

_____
Bradford N. Louison, BBO #305755
blouison@lccplaw.com
Douglas I. Louison, BBO# 545191
dlouison@lccplaw.com
Megan K. Baker, BBO #703189
mbaker@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
(617) 439-0305

Date:   December 19, 2019

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on December 19, 2019 I electronically served the above.

    /s/*Bradford N. Louison*
      Bradford N. Louison